MARIA B. MCINTYRE, Plaintiff

v.

LUTHER B. MCINTYRE, Defendant

Domestic Case #303-75
Superior Court of Guam
August 23, 1979

- - - - -

- - - - -

WEEKS, Judge

## DECISION AND ORDER

This matter came before the court on Plaintiff's motion for an order to show cause. The defendant interposed as a defense to the granting of such a motion that §139 of the Civil Code which provides for the payment of child support by fathers, but not by mothers, is a violation of equal protection of the law on the basis of sex.

There can be little doubt that Civil Code §139 is exactly the sort of law condemned as a violation of the equal protection of the laws by Orr v. Orr 99 S.Ct. 1102 (1979). However, this is not dispositive of the question before the court.

First, Civil Code §138 provides a basis for the award of child support which is not sex based. Thus, even if §139 were found to be void as urged, there is a basis for the award of child support.

Second, although this statute as written is violative of the Constitution, and by authority of Orr v. Orr void, this court need not reach this result, or indeed a federal constitutional issue, in this case. The Fourteenth Guam Legislature enacted P.L. 14-28(b), which provides "Equality of Rights under the law shall not be denied or abridged on account of sex. All laws, rules, regulations, and Executive Orders with the force of law which are inconsistent with this section are hereby repealed to the extent of such · inconsistency." Thus, before reaching any federal constitutional issue, this Court must first decide the effect under Guam law of these two statutes when read together. And as P.L. 14-28(b) speaks to repeal to the extent of inconsistency, not the voiding of statutes which are violative of equal protection, it is the court's task to determine whether Civil Code §139 must be held repealed in whole or in part.

> Where a statute denies equal protection by making an unconstitutional classification, the classification can be abolished by making the statute operate either on everyone or on no one ..... Though the test is imprecise, a court must weigh the general interest in retaining the statute against the court's reluctance to extend legislation to those not previously covered. Such an inquiry may lead a court into examination of legislative purpose, the overall statutory scheme, statutory arrangements in connected fields and the needs of the public. Developments in the Law-Equal Protection, 82 Harv. L.Rev. 1065, 1136-37 (1979) (footnote omitted), as quoted in Commonwealth v. Butler 328 A.2d 851, 860 (Pa. 1974).

The overall Guam statutory scheme in the area of divorce is built around the concept of child support, and in the more than 25 years since the enactment of §139, the people of Guam have adjusted their affairs in reliance that this concept exists.

"When a statute, either alone or in conjunction with another statute or statutes, infringes on constitutional rights, this court has an obligation to make every effort to salvage the statute by an appropriate exclusion so long as legislative intent will not be frustrated thereby." Commonwealth v. Butler 328 A.2d 851, 860 (Pa. 1974).

This is especially true, when as here, we have a governing statute which speaks in terms of repeal "to the extent of such inconsistency." Accordingly, it is the ruling of this court that all references to "husband", "wife", "him", and "her" in the Civil Code §139 are repealed, and that this statute should be read with the non-sex-based term "a party" wherever such terms are used.

Plaintiff's motion for an Order to show Cause is GRANTED, and Plaintiff's attorney is to make a motion for a hearing date.

IT IS SO ORDERED.